NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAMUEL J. MAY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES, DEPARTMENT OF JUSTICE, DEPARTMENT OF HEALTH AND HUMAN SERVICES, FOOD AND DRUG ADMINISTRATION, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, AMGEN USA, INC.,**

*Defendants-Appellees*

**DEBORAH ZWANY, SARA WINSLOW, PATRICK HANNIGAN, OMOTUNDE OSUNSANMI,**

*Defendants*

---

2023-2311

---

Appeal from the United States District Court for the District of Colorado in No. 1:17-cv-00637-RM-SKC, Judge Raymond P. Moore.

---

**ON PETITION**

---

PER CURIAM.

# O R D E R

Samuel J. May files an "amended notice of appeal" "in support of" his "petition seeking writ of mandamus." ECF No. 1-2 at 1. We dismiss.

Mr. May sued Amgen USA, Inc. along with the named federal agencies and officials in the United States District Court for the District of Colorado, "seeking millions of dollars" based on contract and tort claims. *United States ex rel. May v. United States*, 839 F. App'x 214, 217 (10th Cir. 2020). The district court dismissed the contract claims and granted summary judgment against Mr. May on the tort claims. *Id.* at 216. The United States Court of Appeals for the Tenth Circuit ultimately affirmed the district court's judgment. *Id.* at 218.

Mr. May now requests that we act on his case "to make good on the promise to compensate violative of the Fifth Amendment Takings Clause," or direct that he be paid based on "implied-in-fact contract," or "vacate order denying proposed writ of entry by the United States District Court, District of Colorado." ECF No. 1-2 at 1–2. We clearly lack jurisdiction to do so. Mr. May asserts that we have jurisdiction under 28 U.S.C. § 1295(a)(1), but that is plainly frivolous not least of which because he did not raise a patent claim. Mr. May also cites 28 U.S.C. § 1651, but by its own terms that provision only permits issuance of writs "necessary or appropriate in aid of [a court's] respective jurisdictions." *See Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999) ("The All Writs Act is not an independent grant of appellate jurisdiction." (ellipses in original and citation omitted)).

We also clearly lack jurisdiction to review the decision of the Tenth Circuit, and it would not be in the interest of justice to transfer to that court under 28 U.S.C. § 1631, as it has already resolved the matter.

Accordingly,

MAY v. US                                                                                                    3

IT IS ORDERED THAT:

(1) This matter is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

October 23, 2023                                          /s/ Jarrett B. Perlow
        Date                                                  Jarrett B. Perlow
                                                             Clerk of Court